UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE NEW YORK TIMES COMPANY and MAGGIE ASTOR,

Plaintiffs,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Defendant.

**COMPLAINT**

Plaintiffs THE NEW YORK TIMES COMPANY and MAGGIE ASTOR (together, "The Times"), by and through their undersigned attorneys, allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq*. ("FOIA"), to obtain an order for the production of agency records from the United States Department of Health and Human Services ("HHS") in response to FOIA requests made by The Times.

2. These requests seek nomination, application, and interview materials for an HHS-assembled task force that shapes which preventive medical services are covered by health insurers. In recent months, HHS Secretary Robert F. Kennedy Jr. has fired the task force's leaders and opened applications for half of its seats. HHS has indicated that the reconstituted group—whose makeup is still not public—could meet for the first time within days. But it has refused to release any of the requested materials to The Times, despite a Federal Register notice explicitly providing for public access to the task force's "[n]ominations and applications."

**PARTIES**

3. Plaintiff The New York Times Company publishes *The New York Times* newspaper

and www.nytimes.com. It is headquartered in this judicial district at 620 Eighth Avenue, New York, NY, 10018.

4. Plaintiff Maggie Astor is a reporter at *The New York Times*.

5. HHS is an agency of the federal government that has possession and control of the records that The Times seeks.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7. Venue is premised on Plaintiff The New York Times Company's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

**LEGAL FRAMEWORK**

8. FOIA generally requires that agencies make a determination as to FOIA requests within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i).

9. "In order to make a 'determination' within the statutory time periods . . . the agency must at least indicate within the relevant time period the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 182-83 (D.C. Cir. 2013) (Kavanaugh, J.); *see also* 5 U.S.C. § 552(a)(6)(A)(i)(I) (specifying that a determination must include "the reasons therefor").

10. FOIA provides that a requester "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with" the statutory deadlines. 5 U.S.C. § 552(a)(6)(C)(i).

11. When a requester asks for expedited processing, the agency must decide whether

to grant that request within 10 days. 5 U.S.C. § 552(a)(6)(E)(ii)(I). If the agency then denies expedited processing, and the requester appeals that denial, the agency must give "expeditious consideration" to that appeal. *Id.* § 552(a)(6)(E)(ii)(II). "Agency action to deny or affirm denial of a request for expedited processing . . . and failure by an agency to respond in a timely manner to such a request shall be subject to judicial review[.]" *Id.* § 552(a)(6)(E)(iii). In other words, a requester need not administratively appeal an agency's expedited processing decision to obtain judicial review of that decision. *ACLU v. DOJ*, 321 F. Supp. 2d 24, 28 (D.D.C. 2004)

## FACTUAL BACKGROUND

### *The United States Preventive Services Task Force*

12. The United States Preventive Services Task Force ("USPSTF") "is a scientifically independent, volunteer panel of national experts in prevention and evidence-based medicine" that "mak[es] evidence-based recommendations about clinical preventive services such as screenings, counseling services, and preventive medications." *About the USPSTF*, U.S. Preventive Servs. Task Force, https://www.uspreventiveservicestaskforce.org/uspstf/about-uspstf.

13. Its recommendations influence which screenings and procedures are covered by health insurers. *See The United States Preventive Services Task Force*, Cong. Rsch. Serv. (Sept. 12, 2025), https://www.congress.gov/crs_external_products/IF/PDF/IF13100/IF13100.1.pdf.

14. Its sixteen members are appointed by the HHS Secretary. *Our Members*, U.S. Preventive Servs. Task Force, https://www.uspreventiveservicestaskforce.org/uspstf/about-uspstf/current-members.

### *Recent Changes to the USPSTF*

15. Beginning in 2025, Secretary Kennedy has taken steps to significantly alter the makeup of the USPSTF, and to block it from acting until those changes are in place.

16. First, he canceled several of the USPSTF's planned meetings, which usually take place three times a year. Nina Agrawal, Maggie Astor & Dani Blum, *Kennedy Weakens U.S. Preventive Services Task Force*, N.Y. Times (Jan. 9, 2026), https://www.nytimes.com/2026/01/09/well/rfk-jr-uspstf-task-force.html. As a result, the task force has not met in person since March 2025. Maggie Astor, *Key Health Care Panel Is Again Blocked From Meeting*, N.Y. Times (July 6, 2026), https://www.nytimes.com/2026/07/06/us/politics/uspstf-meeting-rfk-jr.html.

17. Second, he failed to replace five members of the task force after their terms ended in late 2025. Nina Agrawal, Maggie Astor & Dani Blum, *Kennedy Weakens U.S. Preventive Services Task Force*, N.Y. Times (Jan. 9, 2026), https://www.nytimes.com/2026/01/09/well/rfk-jr-uspstf-task-force.html. He also failed to replace a sixth member, the task force's chair, when the chair's term ended in March 2026. Maggie Astor, *Kennedy Fires Leaders of Key Health Task Force*, N.Y. Times (May 20, 2026), https://www.nytimes.com/2026/05/20/well/rfk-jr-firings-preventative-services-task-force.html.

18. And third, he fired the task force's two vice-chairs in May 2026. *Id.*

19. Because of these departures and firings, eight of the task force's sixteen seats are open.

20. Secretary Kennedy began publicly soliciting applications for those eight open seats in April 2026. In a Federal Register notice published on April 23, HHS's Agency for Healthcare Research and Quality ("AHRQ") "invite[d] nominations of individuals qualified to serve as members of the [USPSTF]." *Request of Nominations: U.S. Preventive Services Task Force*, 91 Fed. Reg. 21821, 21821 (Apr. 23, 2026). The notice instructed that nominations be received by May 23, and that selected applicants would begin their service in June or July. *Id.*

21. While these changes proceeded, the task force's work has effectively stalled. It published only seven draft or final recommendations in 2025, down from its typical 20. Nina Agrawal, Maggie Astor & Dani Blum, *Kennedy Weakens U.S. Preventive Services Task Force*, N.Y. Times (Jan. 9, 2026), https://www.nytimes.com/2026/01/09/well/rfk-jr-uspstf-task-force.html. It has been unable to advance recommendations from the planning to draft stages, and from draft to final form. *Id.* And it failed to issue its annual report to Congress in 2025. *Id.*

22. HHS has indicated that the reconstituted body will meet for the first time in late August 2026, after new members are selected and onboarded. Maggie Astor, *Key Health Care Panel Is Again Blocked From Meeting*, N.Y. Times (July 6, 2026), https://www.nytimes.com/2026/07/06/us/politics/uspstf-meeting-rfk-jr.html.

***The Times's Efforts to Obtain USPSTF Records Pursuant to the Federal Register Notice***

23. The April 23 Federal Register notice unambiguously provides for public access to nomination and application materials. It says that "[n]ominations and applications are kept on file at the Center for Evidence and Practice Improvement, AHRQ, and are available for review during business hours." *Request of Nominations: U.S. Preventive Services Task Force*, 91 Fed. Reg. 21821, 21821 (Apr. 23, 2026). It allows the agency to make only limited redactions of "[i]nformation regarded as private and personal, such as a nominee's social security number, home and email addresses, home telephone and fax numbers, or names of family members." *Id.*

24. Despite this assurance, HHS has consistently rejected The Times's efforts to gain access to these materials.

25. Since the Federal Register notice was published on April 23, Ms. Astor has repeatedly asked HHS officials to let her review the materials. But they have either declined to provide access or failed to respond.

26. On June 15, Ms. Astor visited the AHRQ office during business hours, as set out in the April 23 Federal Register notice. But she was nonetheless denied access to any records. Though the Federal Register notice was published nearly two months earlier, and the application period had closed, an HHS official claimed that the materials were still undergoing review for "information regarded as private and personal."

***The Times's FOIA Requests***

27. The Times submitted two FOIA requests to HHS related to the USPSTF application and interview process.

*June 3 Request*

28. On June 3, 2026, Ms. Astor, on behalf of The Times, submitted the first of the FOIA requests to HHS.

29. That request sought: (1) the names of all people nominated for membership on the USPSTF in response to the April 23 Federal Register notice; (2) the names of all people interviewed for membership on USPSTF from January 1, 2026 through June 3, 2026; (3) the names of all people interviewed for leadership positions on USPSTF from January 1, 2026 through June 3, 2026; (4) any transcripts of interviews described in items 2 and 3 above; and (5) any video or audio of interviews described in items 2 and 3 above.

30. HHS acknowledged receipt of the request on June 3 and assigned it reference number 2026-HHS-FOIA-003229.

31. The Times requested expedited processing of this request. It explained that "[t]he selection of the experts who will serve on the [USPSTF] will directly and substantially affect Americans' ability to afford certain preventive medical services" given the link between the task force's recommendations and insurance coverage, and that it was therefore "urgent for the public

to understand who is under consideration for these influential positions and how candidates are being evaluated," particularly given the recent firing of the task force's vice-chairs.

32. HHS denied The Times's expedited processing request by email on July 13. The agency provided no explanation for the denial beyond a boilerplate assertion that The Times "ha[s] not demonstrated a compelling need for expedited processing."

33. The Times appealed HHS's denial of expedited processing by letter on July 20. Its appeal explained that it was "urgent that the public understand the applicant pool from which the HHS Secretary is significantly reshaping this body before it begins setting policy."

34. The Times has not received any further response to this request.

*June 15 Request*

35. On June 15—the same day she was denied in-person access to nomination and application materials—Ms. Astor, on behalf of The Times, submitted a second FOIA request to HHS.

36. That request sought all nomination and application materials submitted for membership on the USPSTF in response to the April 23 Federal Register notice.

37. HHS acknowledged receipt of the request on June 15 and assigned it reference number 2026-HHS-FOIA-003347.

38. The Times also requested expedited processing of this request. Its justification echoed its justification for the June 3 request.

39. HHS similarly denied The Times's expedited processing request by email on July 13. Its email repeated the boilerplate claim that The Times failed to demonstrate a compelling need for expedited processing.

40. The Times appealed HHS's denial of expedited processing on July 20, in the same

letter that appealed the similar denial for the June 3 request.

41. The Times has not received any further response to this request.

## CAUSES OF ACTION

***Count 1: June 3 Request—5 U.S.C. § 552 (Failure to Produce Responsive Records)***

42. The Times repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

43. HHS is an agency subject to FOIA, and it must therefore conduct an adequate search using reasonable efforts for responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

44. HHS has failed to meet the statutory deadline for making a substantive determination in response to this request. Accordingly, The Times is deemed to have exhausted its administrative remedies under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

45. HHS is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

46. No exemptions permit the wholesale withholding of the records sought by this request.

47. The Times is thus entitled to an order compelling HHS to produce records responsive to this request.

***Count 2: June 3 Request—5 U.S.C. § 552 (Denial of Expedited Processing)***

48. The Times repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

49. HHS denied The Times's request for expedited processing, entitling The Times to

judicial review of that request. 5 U.S.C. § 552(a)(6)(E)(iii).

50. HHS also failed to give "expeditious consideration" to The Times's administrative appeal of the expedited processing denial, 5 U.S.C. § 552(a)(6)(E)(ii)(II), likewise entitling The Times to judicial review, i*d.* § 552(a)(6)(E)(iii).

51. Even if the original expedited processing request was deficient, the July 20 administrative appeal may be treated as a renewed request for expedited processing, 45 C.F.R. § 5.27(a) (requester may seek expedited processing "at any time during [HHS's] processing of [his or her] request or appeal"), to which HHS has failed to timely respond, 5 U.S.C. § 552(a)(6)(E)(ii)(I) (agency must decide within 10 days); *id.* § 552(a)(6)(E)(iii) (agency's failure to timely respond entitles requester to judicial review).

52. The Times is entitled to expedited processing of this request. Ms. Astor, a reporter, is indisputably "a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II); *see also* 45 CFR 5.27(b)(2). And there is an "urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

53. The Times is thus entitled to an order compelling HHS to produce records on an expedited basis.

***Count 3: June 15 Request—5 U.S.C. § 552 (Failure to Produce Responsive Records)***

54. The Times repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

55. HHS is an agency subject to FOIA, and it must therefore conduct an adequate search using reasonable efforts for responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

56. HHS has failed to meet the statutory deadline for making a substantive determination in response to this request. Accordingly, The Times is deemed to have exhausted its administrative remedies under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

57. HHS is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

58. No exemptions permit the wholesale withholding of the records sought by this request.

59. The Times is thus entitled to an order compelling HHS to produce records responsive to this request.

***Count 4: June 15 Request—5 U.S.C. § 552 (Denial of Expedited Processing)***

60. The Times repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

61. HHS denied The Times's request for expedited processing, entitling The Times to judicial review of that request. 5 U.S.C. § 552(a)(6)(E)(iii).

62. HHS also failed to give "expeditious consideration" to The Times's administrative appeal of the expedited processing denial, 5 U.S.C. § 552(a)(6)(E)(ii)(II), likewise entitling The Times to judicial review, i*d.* § 552(a)(6)(E)(iii).

63. Even if the original expedited processing request was deficient, the July 20 administrative appeal may be treated as a renewed request for expedited processing, 45 C.F.R. § 5.27(a) (requester may seek expedited processing "at any time during [HHS's] processing of [his or her] request or appeal"), to which HHS has failed to timely respond, 5 U.S.C. § 552(a)(6)(E)(ii)(I) (agency must decide within 10 days); *id.* § 552(a)(6)(E)(iii) (agency's failure to timely respond entitles requester to judicial review).

64. The Times is entitled to expedited processing of this request. Ms. Astor, a reporter, is indisputably "a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II); *see also* 45 CFR 5.27(b)(2). And there is an "urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

65. The Times is thus entitled to an order compelling HHS to produce records on an expedited basis.

**REQUEST FOR RELIEF**

66. WHEREFORE, The Times respectfully requests that this Court:

i. Declare that the records sought by the requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

ii. Order HHS to process the requests on an expedited basis;

iii. Order HHS to undertake an adequate search for the requested records and to provide those records to The Times "as soon as practicable," 5 U.S.C. § 552(a)(6)(E)(iii), or, in any event, within 20 business days of the Court's order;

iv. Award The Times the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA, 5 U.S.C. § 552(a)(4)(E)(i); and

v. Grant The Times such other relief as this Court deems just and proper.

Dated: New York, New York
August 27, 2026

*/s/ David E. McCraw*

David E. McCraw
Jackson Busch
Legal Department
The New York Times Company
620 Eighth Avenue
New York, NY 10018
Phone: (212) 556-4031
Email: mccraw@nytimes.com
jackson.busch@nytimes.com

*Counsel for Plaintiffs*